# Court of Appeals
# of the State of Georgia

ATLANTA, August 04, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0664. EDWARD TALLON v. THE STATE.

In October 2025, the trial court found by a preponderance of the evidence that Edward Tallon had violated his probation and revoked the balance of his probation. In May 2026, Tallon filed a motion to recuse. The trial court denied the motion in an order signed on June 11, 2026. Tallon filed this application for discretionary appeal on July 15, 2026. We, however, lack jurisdiction.

First, the copy of the trial court order Tallon submitted to this Court is not stamped "filed," meaning we have no way of knowing whether Tallon's application is timely. See OCGA § 5-6-35(d) (a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed). On July 16, 2026, this Court issued an order requiring Tallon to supplement his application with a stamped filed copy of the order. Our order further informed Tallon that failure to "cause a copy of said order to be filed with the Court within 10 days of the date of this order" would result in the application's dismissal. Tallon's failure to comply with this order requires that his application be dismissed.

Moreover, an order denying a motion to recuse is interlocutory. *Ellis v. Stanford*, 256 Ga. App. 294, 295(2) (568 SE2d 157) (2002). Thus, in order to appeal, Tallon was required to use the interlocutory appeal procedure, including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Although Tallon filed an application for discretionary appeal, compliance with the discretionary-appeal statute does not excuse a party seeking appellate review of an interlocutory order from

complying with the additional requirements of OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/04/2026_____*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*